AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| JOSE ARBEY SANCHEZ HIGUERA | ) | |
| DRIDEN SINCLAIR CAMPO VIVERA, and | ) | **8:24MJ1461SPF** |
| HECTOR VINCENTE TORRES SANCHEZ | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 17, 2024 _____ in the county of _____ Hillsborough _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | While aboard a vessel subject to the jurisdiction o f the United States, did knowingly and willfully, combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Gregory Satchwell, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date:     03/25/2024

_____
*Judge's signature*

City and state:          Tampa, Florida          SEAN P. FLYNN, U.S. MAGISTRATE JUDGE
*Printed name and title*

## INTRODUCTION

1.      I have been employed as a Special Agent with the Federal Bureau of Investigation ("FBI"), since March of 2009.  I have participated in and received training with respect to the investigations of organizations and individuals involved in illegal drug trafficking activities, including those involved in the maritime smuggling of shipments of cocaine in the Eastern Pacific Ocean and elsewhere.

2.      Based on my training and experience as a Special Agent with the FBI, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States.  Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as the support and assistance that narcotics organizations require to conduct their illegal activities.

3.      Since March of 2018, I have been assigned as a Special Agent to Operation Panama Express Strike Force.  Operation Panama Express is a federally approved Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the DEA, Homeland Security Investigations ("HSI"), the Federal Bureau of Investigation ("FBI") and the United States Coast

Guard ("USCG"). Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate drug smuggling organizations that are responsible for the transportation of contraband through international waters of the Caribbean Sea and Eastern Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

4.    This affidavit is submitted in support of a criminal complaint charging **Jose Arbey Sanchez Higuera** (an Ecuadorian national); **Driden Sinclar Campo Vivero** (an Ecuadorian national) and **Hector Vincente Torres Sanchez** (an Ecuadorian national) with: Conspiracy to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which the above individuals will first enter the United States, in violation of Title 46, United States Code, Sections 70503(a)(1), 70506(a) and 70506(b).

5.    The information contained in this affidavit is based in part or obtained from a review of investigative reports completed by law enforcement, conversations with law enforcement officers, and from my personal observations, my training and experience, and my involvement in the investigation to date. This affidavit does not set forth every fact resulting from the investigation; rather, it sets forth facts sufficient to establish probable cause to believe that the above offense has been committed and **Sanchez Higuera**, **Sinclair Campo**, and **Torres Sanchez** committed it. Unless

specifically indicated otherwise, all conversations and statements described in this affidavit are related only in substance and in part, and are not intended to be verbatim recitations. When a date is listed, I mean that the event occurred "on or about" that date. When a time period is listed, I mean that the event occurred "in or around" that time period.

## PROBABLE CAUSE

### Background of the Investigation

6.    The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

7.    On or about March 17, 2024, USCGC[1] MUNRO ("MUNRO") was on routine patrol in the Eastern Pacific Ocean, approximately 173 nautical miles southeast of Cocos Island, Costa Rica, in international waters.

8.    During its patrol, MUNRO encountered a low-profile vessel ("LPV"), with a blue closed hull and three outboard engines. MUNRO deployed a helicopter and a small boat to investigate suspected illicit maritime activity.

9.    The LPV was boarded by a law enforcement team pursuant to a right of visit under international maritime law. Following proper boarding procedures, the law enforcement team identified three crewmen: (1) **Jose Arbey Sanchez Higuera**

---

[1] United States Coast Guard Cutter ("USCGC") MUNRO (WMSL-775) is a *Legend*-class cutter based in Alameda, California.

(citizen of Ecuador); (2) **Driden Sinclair Campo Vivero** (Citizen of Ecuador); and

(3) **Hector Vincente Torres Sanchez** (citizen of Ecuador). The law enforcement

team identified the vessel master, who did not make a claim of nationality for the

vessel. The LPV had no signs or indicia of nationality. The LPV was treated as a

vessel without nationality and subject to the laws of the United States under the

Maritime Drug Law Enforcement Act.

10.    The law enforcement team that boarded the LPV located suspected

packages of narcotics comprising 137 bales weighing approximately 3562 kilograms.

A field test of the suspected narcotics revealed it to be cocaine.

11.    The crewmen were detained and transferred to MUNRO. The LPV

was destroyed and sunk due to it being a navigational hazard and no suitable ports or

tow points to salvage it.

## CONCLUSION

12.    Based on the foregoing, I submit there is probable cause to believe that

**Sanchez Higuera**, **Sinclair Campo**, and **Torres Sanchez** knowingly and willfully

conspired to distribute more than five kilograms of cocaine onboard a vessel subject

to the jurisdiction of the United States, in violation of Title 46, United States Code,

Sections 70503(a)(1), 70506(a).

Gregory Satchwell
Special Agent
Federal Bureau of Investigation

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d)(3) via telephone on this 22nd day of March 2024.

SEAN P. FLYNN
United States Magistrate Judge

5